Abrams, R.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE JONES 1, JANE JONES 2, JANE JONES 3,     16 CV 1473 (RA)(AJP)
JANE JONES 4, and JANE JONES 6, on behalf of
themselves and all others similarly situated,     **STIPULATION AND ORDER**
              Plaintiffs,                                **STAYING ACTION**

      - against-

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION ("DOCCS") ACTING
COMMISSIONER ANTHONY ANNUCCI; CHIEF OF
INVESTIGATIONS FOR THE DOCCS OFFICE OF
SPECIAL INVESTIGATIONS, STEVEN MAHER;
DEPUTY CHIEF OF INVESTIGATIONS FOR THE
SEX CRIMES UNIT OF THE DOCCS OFFICE OF
SPECIAL INVESTIGATIONS, CHRISTIAN NUNEZ;
DOCCS DIRECTOR OF THE BUREAU OF LABOR
RELATIONS, JOHN SHIPLEY; DOCCS ASSOCIATE
COMMISSIONER OF THE OFFICE OF SEXUAL
ABUSE PREVENTION AND EDUCATION, JASON
EFFMAN,

                     Defendants.

Subject to the approval of the Court, it is hereby stipulated and agreed by and between the undersigned, attorneys of record for Plaintiffs and Defendants (together, the "Parties") in the above-entitled action (the "Action"), as follows:

1.     The Action will be stayed for a period of two years from the date this Stipulation and Order is So Ordered by the Court (the "Stay").

2.     During the two-year period of the Stay, Plaintiffs may move the Court for an order lifting the Stay and returning the case to the Court's active calendar. Such a motion shall not be made during the first six (6) months of the Stay. Defendants may oppose the motion only on the grounds that Plaintiffs have failed to follow the procedures designated in Paragraph 3, below. Nothing in this Stipulation and Order limits or precludes any member of the putative class from seeking injunctive relief if she is at imminent risk of physical harm related to DOCCS failure to protect her from staff sexual abuse or retaliation.

3.     At least ninety (90) days before submission of a motion for an order lifting the Stay, Plaintiffs will provide Defendants' counsel with a written notice that Plaintiffs intend to reinstate the Action, and written notice of the reasons for reinstatement. Defendants shall have thirty (30) days to confer internally and respond to Plaintiffs' written notice. As soon as practicable after

1

Defendants' response, counsel for the Parties shall meet and confer in a good faith effort to examine and reconcile identified issues. Thereafter, if the Parties are unable to reconcile the identified issues, Plaintiffs may move the Court upon twenty (20) days written notice of a motion for an order lifting the Stay and returning the case to the Court's active calendar. Upon return of the case to the Court's active calendar, the Parties will propose an appropriate schedule for motions and responsive pleadings.

4.  During the two-year period of the Stay, the motion to lift the Stay described in Paragraphs 2 and 3 of this Stipulation and Order will be Plaintiffs' sole and exclusive remedy and recourse for actions or inactions that Plaintiffs perceive not to be in conformity with the provisions of this Stipulation and Order or the appended Private Agreement between the Parties dated June 8, 2017 (the "Agreement"), including any provisions therein regarding production of documents or other disclosures of information to Plaintiffs' counsel. The Parties agree that the terms in the appended Agreement are voluntarily undertaken by Defendants and DOCCS, and do not constitute legally binding obligations upon them. Plaintiffs may not seek an award of damages, injunctive relief, or a finding of contempt for the alleged breach by Defendants of any of the terms of the appended Agreement.

5.  Nothing in this Stipulation and Order represents a waiver or release of any current or future claims asserted by any Plaintiff against Defendants.

6.  If Plaintiffs have not notified Defendants of their intent to lift the Stay pursuant to paragraphs 2 and 3 of this Stipulation and Order within two years of the date of the Agreement, the Action will be dismissed with prejudice and without costs or fees to either party at the conclusion of the two-year period of the Stay. The parties will inform the Court of same via joint letter. Whether or not the Stay is eventually lifted, Plaintiffs shall not be entitled to recover any costs or attorneys' fees in regard to the negotiation of this Stipulation and Order or the attached Private Agreement, or in regard to any work performed during the Stay Period. Notwithstanding anything in this paragraph, the Agreement will expire at the conclusion of two years from the date this Stipulation and Order is So Ordered by the Court.

7.  This Stipulation and Order and its contents do not constitute (i) an admission by Defendants or DOCCS of any constitutional violation or other violation of law or wrongdoing; (ii) an admission by Defendants or DOCCS that any action, policy, practice, or procedure challenged in the Action violates or fails to comply with constitutional requirements or other applicable law, rule or regulation; or (iii) an admission by Plaintiffs that any action, policy, practice or procedure challenged in the Action is constitutional.

8.  The parties may designate any documents or information provided pursuant to the Agreement during the two-year stay as "Highly Confidential-Attorney's Eyes Only." Such materials may be designated "Highly Confidential-Attorney's Eyes Only" if they: (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, investigations, security or good order, or (b) contain information that is confidential under state or federal law or whose disclosure could constitute an invasion of a non-party's personal privacy. "Highly Confidential-Attorney's Eyes Only" materials may only be reviewed by counsel for the parties, and their designated experts or

consultants if they first agree to maintain the confidentiality of those materials by signing Exhibit A hereto. The terms set forth in this paragraph shall apply to all materials produced prior to and during the term of the Stay and shall remain in effect for the duration of this Action. Upon termination of this Action, all such materials shall be returned to DOCCS, or destroyed upon agreement of the Parties.

9. This Stipulation and Order may be executed in any number of counterparts, all of which taken together shall constitute the Stipulation and Order, and may be executed by electronic, .pdf, or facsimile signature.

Dated: New York, New York
June 8, 2017

| | |
|---|---|
| **The Legal Aid Society** <br> **Prisoners' Rights Project** <br> *Attorneys for Plaintiffs* <br><br> By: _____ <br> Dori A. Lewis <br> Veronica Vela <br> 199 Water Street <br> New York, NY 10038 <br> (212) 577-3530 <br><br> **Debevoise & Plimpton LLP** <br> *Attorneys for Plaintiffs* <br><br> By: _____ <br> Amanda M. Bartlett <br> 919 Third Avenue <br> New York, NY 10022 <br> (212)909-6950 | **Eric T. Schneiderman** <br> **Attorney General of the State of New York** <br> *Attorney for Defendants* <br><br> By: _____ <br> Daniel A. Schulze <br> Kacie A. Lally <br> Colleen Faherty <br> 120 Broadway <br> New York, NY 10271 <br> (212) 416-6557 |

SO ORDERED: _____

Dated: 6-13-17

LAK

This stipulation binds the parties to treat as confidential the documents so classified. The Court makes no finding as to whether the documents are confidential. Moreover, the Court does not endorse any provision which purports to authorize the parties to file documents under seal without a prior court order.

## PRIVATE AGREEMENT

Pursuant to the terms set forth in the foregoing Stipulation and Order between Plaintiffs and Defendants (together, the "Parties"), dated June 9, 2017, filed in the case Jones v. Annucci, SDNY, 16 CV 1473 (RA)(AJP) (the "Stipulation"), the undersigned, attorneys of record for the Parties in the above-titled action (the "Action"), have agreed, subject to Court approval, to stay the action for a period of two years in contemplation of an eventual amicable resolution of the claims asserted in the Action. The parties further enter into the following Private Agreement ("Agreement") the terms of which shall not be So Ordered by the Court but shall be in effect during the two-year stay period set forth in the Stipulation:

### A. NATIONAL STANDARDS

The New York State Department of Corrections and Community Supervision (the "Department" or "DOCCS") will continue with its ongoing efforts to comply with the requirements of the Prison Rape Elimination Act ("PREA") and the National Standards for the Detection, Prevention, Reduction and Punishment of Prison Rape (the "Standards"), 28 C.F.R. Part 115 (2012), at Bedford Hills, Taconic, and Albion Correctional Facilities (together, the "Women's Facilities").

The term "sexual abuse" shall have the same meaning in this Agreement as it does in the Standards.

### B. DOCCS' WRITTEN POLICIES

DOCCS will make reasonable efforts to ensure that its goals described herein will be reflected in relevant policies, procedure manuals, directives and other Departmental guidance materials. DOCCS will make reasonable efforts to apprise counsel for Plaintiffs of any new policies promulgated in furtherance of the goals set forth herein or material changes to existing policies.

### C. SUPERVISION

1. DOCCS shall continue its efforts to effectuate Directive 4001 in conformance with Central Office guidance, such as that provided in the March, 2016 Deputy Commissioner's memorandum regarding Tour 1 supervisory rounds. As part of these efforts, DOCCS will make reasonable efforts to ensure that rounds are generally conducted at varied and unpredictable times.

2. The Assistant Deputy Superintendent/PREA Compliance Manager for each of the Women's Facilities should also make rounds as frequently as practicable, speak to staff and inmates during these rounds, and have conversations with inmates in private where warranted.

3. DOCCS executive and supervisory staff at the Women's Facilities should take appropriate measures to ensure the integrity and effectiveness of such rounds, including

1

enforcement of Directive 4001 and the DOCCS employee manual. Such measures should include examinations of video footage and reviews of internal telephone logs.

4. DOCCS will continue its efforts to determine how best to monitor and supervise areas for the Women's Facilities where video coverage is limited or absent.

### D. CAMERAS AND VIDEO SURVEILLANCE

1. DOCCS will seek to install and maintain video surveillance systems in each of the Women's Facilities where technically feasible, with cameras and microphones located to cover areas that DOCCS deems appropriate. DOCCS will endeavor to preserve recordings for ninety (90) days at Bedford Hill Correctional Facility and Taconic Correctional Facility and thirty (30) days at Albion Correctional Facility. DOCCS will continue to seek to preserve recordings extracted in connection with investigations into complaints of misconduct. Cameras and microphones should have the capacity to make digital recordings, and should have the capacity for real-time monitoring in designated areas of the facility as determined by DOCCS.

2. In response to serious and credible complaints DOCCS will, when practicable, install additional cameras in additional locations for specific monitoring of particular areas and staff/inmates therein.

3. DOCCS shall continue its efforts to obtain funding to obtain equipment with which to increase video coverage, to the extent practicable, within the Women's Facilities.

### E. INVESTIGATIONS OF SEXUAL ABUSE

1. DOCCS will continue to exert efforts to investigate allegations of sexual abuse promptly, thoroughly, and objectively. Such investigations will consider both alleged wrongdoers and the potential misconduct of other staff who knew, or should have known, about the sexual abuse.

2. During the pendency of an investigation, if DOCCS has reasonable cause to believe that a staff member has engaged in sexual abuse, DOCCS will seek to remove the alleged abuser from the workplace. If DOCCS is unable to remove the alleged abuser from the workplace, DOCCS will consider whether and how the inmate's contacts with the alleged abuser can be minimized. If at the conclusion of the investigation DOCCS concludes that the charge of sexual abuse has been substantiated, DOCCS will seek to remove the alleged abuser from employment.

3. DOCCS will seek to ensure that interviews of purported victims of sexual abuse shall be conducted by trained investigative staff.

4. Upon a complaint of sexual abuse DOCCS will seek to promptly preserve and examine all documentary and forensic evidence including, but not limited to, pertinent video footage.

5. DOCCS will continue to develop and implement other appropriate investigative tools including, but not limited to, covert surveillance techniques.

6. DOCCS will continue to implement means with which to obtain recorded interview statements obtained in confidential settings from alleged victims, alleged wrongdoers, staff witnesses and inmate witnesses, as practicable.

7. The departure of the alleged abuser or victim from the employment or control of the facility or agency shall not provide a basis for terminating an investigation.

8. Where the preponderance of the evidence available to the OSI shows that the wrongdoer committed the alleged act, the charge against that wrongdoer may be substantiated in the absence of any DNA or video evidence.

9. Investigators should gather and preserve direct and circumstantial evidence, including any available physical and DNA evidence and any available electronic monitoring data; interview alleged victims, suspected perpetrators, and witnesses; and review prior complaints and reports of sexual abuse involving the suspected perpetrator. To the extent practicable, women who previously complained about the suspected perpetrator should be interviewed. Allegations of similar patterns of abuse by more than one alleged victim should be considered in determining whether to substantiate an allegation of sexual abuse.

10. Best efforts shall be made to commence all investigations of alleged sexual abuse expeditiously after a claim is made.

## F. MONITORING STAFF AFTER AN INVESTIGATION

Whenever staff members return to duty after an investigation in which they were alleged to have sexually abused an inmate, whether or not formal discipline has been pursued/imposed, DOCCS shall review the supervision of such staff when they return to duty, and periodically thereafter as warranted.

## G. DISCIPLINE OF STAFF

1. The DOCCS Bureau of Labor Relations ("BLR") shall consult with the DOCCS Office of Special Investigations ("OSI") regarding investigations into sexual abuse of inmates by staff. BLR will pursue appropriate disciplinary action against such staff. In any case in which OSI has substantiated allegations against a staff member but disciplinary charges are not pursued, BLR will record reasons for its decision.

2. DOCCS will continue to exert efforts to have an attorney participate, on the Department's behalf, in arbitration hearings involving an allegation of staff sexual abuse.

3. DOCCS will continue to exert efforts to introduce credible evidence of prior sexual misconduct, which tends to establish patterns of wrongful conduct or absence of mistake/accident, against staff members charged with sexual abuse at BLR hearings.

4. The standard of proof at a BLR hearing concerning an allegation of sexual abuse shall be preponderance of the evidence.

3

## H. OTHER TERMS

1.  During the two-year duration of the Stipulation DOCCS has or will provide Plaintiffs' counsel with a one-time production of copies of the primary policy documents relating to prevention and investigation of sexual abuse at the Women's Facilities. The specific policy documents are as follows:

- Employee Manual, with Section 2 complete and the remainder redacted as appropriate for security
- OSI Sex Crimes Division Investigation Manual (to be provided for review under DOCCS supervision only—a copy may not be kept by Plaintiffs' counsel)
- Directive 2110 "Employee Discipline – Suspension from Duty During the Continuation of Disciplinary Proceedings"
- Directive 4027A
- Directive 4027B
- Directive 4028A
- Directive 4028B
- Albion, Bedford Hills and Taconic Coordinated Response Plan to an Incident of Inmate Sexual Abuse
- HSPM 1.12B and 1.60
- Policy Memo re Agency Protection Against Retaliation
- Training Bulletin #7

DOCCS will make reasonable efforts to apprise counsel for Plaintiffs of any new policies promulgated in furtherance of the goals set forth herein or material changes to existing policies listed in section H.1. above.

2.  During the two-year duration of the Stipulation DOCCS has or will provide Plaintiffs' counsel with a one-time production of copies of the primary training materials used relating to prevention and investigation of sexual abuse at the Women's Facilities, as specified below:

- "Sexual Abuse Prevention and Response" All Employee Training CD with Prezi presentation and Lesson Plan (Revised August 2015)
- PREA Introduction/Refresher Training DVD (Female Facility Version) (ALREADY PROVIDED)
- Staff pocket card (ALREADY PROVIDED)
- PREA Specialized Training: Investigations presentation with instructor notes (May 31, 2016)

DOCCS will make reasonable efforts to apprise counsel for Plaintiffs of any new training materials promulgated in furtherance of the goals set forth herein or material changes to existing materials listed in section H.2. above.

4

3.   During the two-year duration of the Stipulation DOCCS will provide Plaintiffs' counsel with a copy of DOCCS' submission to the United States Department of Justice, Bureau of Justice Statistics in response to the annual Survey of Sexual Victimization, redacted as necessary to protect confidentiality and security. These productions will occur as soon as practicable following acceptance of the submission by the United States Department of Justice, Bureau of Justice Statistics.

4.   During the two-year duration of the Stipulation DOCCS will provide Plaintiffs' counsel with certain completed copies of Form 4001A (Weekly Administrative Activity Report) and Form 4001B (Daily Security Supervisor Report) as follows:

   a. DOCCS will provide Plaintiffs' counsel with all Form 4001As and Form 4001Bs completed at the Women's Facilities relating to four (4) one-week periods over the course of the two-year duration of the Stipulation.

   b. The one-week period will be the same for all Women's Facilities, and will be in months selected by DOCCS approximately six (6) months apart, and a week in each month designated by Plaintiffs' counsel.

   c. It is understood that these Forms are highly security sensitive, and all information not relevant to the frequency and timing of supervisory rounds or prevention or investigation of sexual abuse shall be redacted from these Forms prior to production.

5.   During the two-year duration of the Stipulation DOCCS will provide Plaintiffs' counsel with a copy of the closing reports from certain OSI Sex Crimes Division case files, redacted as appropriate for personally identifiable information or a compelling security need, pursuant to the following schedule and terms:

   a. Nine months from the date the Court enters the Stipulation and Order, DOCCS will provide copies of twenty-one (21) closing reports relating to investigations of incidents at one of the Women's Facilities in which a staff member is alleged to have sexually abused a female inmate. The production will consist of the four (4) unsubstantiated, two (2) substantiated and one (1) unfounded report relating to each Women's Facility that most recently reached a substantial investigative conclusion prior to one month before production. A "substantial investigative conclusion" occurs when the OSI determines whether the allegations being investigated will be substantiated, unsubstantiated, or unfounded, whether or not the investigation is then formally closed.

   b. Twenty-one months from the date the Court enters the Stipulation and Order, DOCCS will provide copies of twenty-one (21) closing reports relating to investigations of incidents at a Women's Facility in which a staff member is alleged to have sexually abused a female inmate. The production will consist of the four (4) unsubstantiated, two (2) substantiated and one (1) unfounded report relating to each Women's Facility that most recently reached a substantial investigative conclusion prior to one month before production.

6. During the two-year duration of this Stipulation, Plaintiffs' counsel may request additional OSI Sex Crimes Division closing reports of Plaintiffs' counsels' choosing relating to investigations of incidents at a Women's Facility in which a staff member is alleged to have sexually abused a female inmate. DOCCS will provide up to five (5) such requested reports when a substantial investigative conclusion has been reached.

7. DOCCS will further provide a document or statement setting forth what action, if any, the DOCCS BLR has taken prior to the date of production in regard to the incident that was investigated in each OSI report produced pursuant to Paragraphs 5 and 6 of this Agreement.

8. During the two-year duration of the Stipulation Plaintiffs' counsel will be allowed to visit and tour selected Women's Facilities on mutually agreed-upon dates, not to exceed two visits per year at any one Women's Facility. Plaintiffs' counsel may be accompanied by consultants who have been identified to, and cleared by, DOCCS. During such visits, subject to considerations of safety and security, Plaintiffs' counsel may be permitted to speak with inmates and selected staff upon approval by DOCCS. Information obtained during such conversations will be subject to the confidentiality agreement set forth in Paragraph 10. During such visits, Plaintiffs' counsel may view logbooks, and may take notes, including notes of places where they believe cameras should be located. Plaintiffs' counsel may not, however, record in any way the actual locations of cameras, or the location or operation of control gates or their locking mechanisms, in any Women's Facility.

9. During the two-year duration of the Stipulation Plaintiffs' counsel, Defendants' counsel, accompanied by consultants if they choose, and Defendants, with the exception of the Commissioner or Acting Commissioner, shall meet at mutually agreed-upon intervals to discuss DOCCS' ongoing efforts to prevent and investigate staff sexual abuse. It is not contemplated that such formal meetings will occur more than twice each year. DOCCS will bring maps of the female facilities to such meetings that include notations indicating camera placements. Plaintiffs' counsel will be allowed to review and discuss such maps during the course of the meetings, but may not retain a copy of these maps or take any notes that reveal camera placements or the location or operation of security gates or their locking mechanisms. Prior to such meetings, Plaintiffs' counsel may provide a list of topics they would like to discuss at the meetings, as well as a list of additional materials that they believe would facilitate discussions. DOCCS may, but is not required to, bring those materials to the meetings.

10. The parties may designate any documents or information provided pursuant to the Agreement during the two-year stay as "Highly Confidential-Attorney's Eyes Only." Such materials may be designated "Highly Confidential-Attorney's Eyes Only" if they: (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, investigations, security or good order, or (b) contain information that is confidential under state or federal law or whose disclosure could constitute an invasion of a non-party's personal privacy. "Highly Confidential-Attorney's Eyes Only" materials may only be reviewed by counsel for the parties, and their designated experts or consultants if they first agree to maintain the confidentiality of those materials by signing Exhibit B to the Stipulation. The terms set forth in this paragraph shall apply to all materials produced

6

prior to and during the term of the Stay and shall remain in effect for the duration of this Action. Upon termination of this Action, all such materials shall be returned to DOCCS, or destroyed upon agreement of the Parties.

Dated: New York, New York
June 9, 2017

| The Legal Aid Society<br>Prisoners' Rights Project<br>*Attorneys for Plaintiffs*<br><br>By: *[signature]*<br>Dori A. Lewis<br>Veronica Vela<br>199 Water Street<br>New York, NY 10038<br>(212) 577-3530<br><br><br>**Debevoise & Plimpton LLP**<br>*Attorneys for Plaintiffs*<br><br>By: *[signature]*<br>Amanda M. Bartlett<br>919 Third Avenue<br>New York, NY 10022<br>(212) 909-6950 | **Eric T. Schneiderman**<br>**Attorney General of the State of New York**<br>*Attorney for Defendants*<br><br>By: *[signature]*<br>Daniel A. Schulze<br>Kacie A. Lally<br>Colleen Faherty<br>120 Broadway<br>New York, NY 10271<br>(212) 416-6557<br><br>**New York Department of Corrections and Community Supervision**<br><br>By: *[signature]*<br>Charles J. Quackenbush<br>Deputy Counsel<br>Harriman State Campus bldg. 9,<br>Albany, NY 12226-2050 |